QUINTEN SKIPWITH, Individually and Doing Business as " RED'S TAXI ", Plaintiff, *v.* HATTIE M. COLLINS et al., Defendants.

County Court, Orange County, January 22, 1953.

*Frank Cline* for Hattie M. Collins, defendant, appearing specially.

*Thomas F. Herbert* for plaintiff.

EGAN, J. This is a motion by the attorneys for the defendants herein, appearing specially for the motion, for an order pursuant to rule 106 of the Rules of Civil Practice dismissing the complaint herein on the ground that the court has not jurisdiction of the person of the defendant, Hattie M. Collins.

The action is an action to recover damages for the negligent operation of an automobile by the defendant which allegedly caused certain damage to an automobile owned by the plaintiff.

The defendant is a resident of the State of Texas and was served in this action pursuant to section 52 of the Vehicle and Traffic Law by serving the Secretary of State and mailing a copy of the summons and complaint by registered mail to her address in Stockdale, Texas.

The defendant contends that as the jurisdiction of the County Court is limited to a cause in which all of the defendants reside within the county or have a place of business therein and she is a nonresident of the State, such service was illegal; that if she were physically present in New York State and not a resident of Orange County nor having a place of business therein, the County Court could not acquire jurisdiction of her person.

Section 52 of the Vehicle and Traffic Law provides that service of the complaint pursuant to that section " shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues."

The basis upon which section 52 of the Vehicle and Traffic Law was founded was that nonresident users of our highways impliedly consent to conform and be amenable to our laws. It was designed to simplify the procedure in matters of this particular kind.

The motion is denied.